UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOHN  A. SCHREIBER,

     Plaintiff,

v.

ENTERPRISE RECOVERY SYSTEMS, INC.,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.     Plaintiff, JOHN A. SCHREIBER, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, ENTERPRISE RECOVERY SYSTEMS INC., is a corporation and citizen of the State of Illinois with its principal place of business at Suite 200, 2400 South Wolf Road, Westchester, Illinois, 60154.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the date stated:

October 27, 2009 – Pre-recorded Message
Please continue holding and the next representative will be with you shortly.
Press 1 if you wish to continue holding.

11.     Defendant left messages on other occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2).

See _Berg v. Merchs. Ass'n Collection Div_., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14.     In addition to the telephone messages Defendant left for Plaintiff, Plaintiff spoke with Defendant's representative via telephone on several occasions.

15.     In the telephone conversations, Defendant failed to inform Plaintiff that Defendant was a debt collector.

16.     In one of the early telephone conversations, Plaintiff informed Defendant that he was represented by an attorney with respect to the alleged debt and informed Defendant of the attorney's name and office location.

17.     Subsequent to being informed that Plaintiff was represented by an attorney, Defendant continued to telephone Plaintiff directly, without the consent to Plaintiff's counsel.

18.     At the time Defendant placed some of its telephone calls directly to Plaintiff, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

19.     Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

20.     Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

21.     No court had authorized Defendant's direct communication with Plaintiff.

3

22.     At the time Defendant some it its telephone calls to Plaintiff, Defendant

knew the FDCPA prohibited it from communicating directly with Plaintiff.

23.     If Defendant continues to communicate directly with Plaintiff, Plaintiff will

be harmed in the future by the inability to avail himself to the representation of his

counsel.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

24.     Plaintiff incorporates Paragraphs 1 through 23.

25.     Defendant failed to disclose in the telephone messages and calls to Plaintiff

that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*.,

424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006

U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

26.     Plaintiff incorporates Paragraphs 1 through 23.

27.     Defendant placed telephone calls to Plaintiff without making meaningful

disclosure of its identity when it failed to disclose that it is a debt collector, its name, and

4

the purpose of Defendant's communication in the telephone messages and calls in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

28.     Plaintiff incorporates Paragraphs 1 through 23.

29.     Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT IV
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

5

30.     Plaintiff incorporates Paragraphs 1 through 23.

31.     Defendant communicated directly with Plaintiff when Defendant knew

Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

32.     The FCCPA provides for equitable relief including injunctive relief. *Berg v.*

*Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     declaring that Defendant's direct communication with Plaintiff

violates the FCCPA;

d.     permanently injoining Defendant from direct communication with

any debtor known to be represented by counsel; and

e.     Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

33.     Plaintiff incorporates Paragraphs 1 through 23.

34.     Defendant asserted the right to collect a debt by leaving telephone messages

for Plaintiff and speaking with Plaintiff directly without disclosing that it is a debt

collector, its name and the purpose of its communications and by communicating directly

with Plaintiff when Defendant knew Defendant was represented by counsel, all done

when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

35.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     declaring that Defendant's practices violate the FCCPA;

      d.     permanently injoining Defendant from engaging in the complained of practices; and

      e.     Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36.     Plaintiff incorporates Paragraphs 1 through 23.

37.     By failing to disclose that it is a debt collector, its name and the purpose of its communication, and by telephoning Plaintiff directly when Defendant knew Plaintiff was represented by counsel, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

38.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     declaring that Defendant's practices violate the FCCPA;

d.     permanently injoining Defendant from engaging in the complained

of practices; and

e.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658