UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-61990-Civ-Dimitrouleas/Snow

JOHN  A. SCHREIBER,

     Plaintiff,

v.

ENTERPRISE RECOVERY SYSTEMS, INC.,

     Defendant.

_____/

## FIRST AMENDED COMPLAINT[1]
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3.    Plaintiff, JOHN A. SCHREIBER, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

---

[1] Pursuant to Rule 15, Plaintiff amends the Complaint once as a matter of course before being served with a responsive pleading.

4.      Defendant, ENTERPRISE RECOVERY SYSTEMS INC., is a corporation and citizen of the State of Illinois with its principal place of business at Suite 200, 2400 South Wolf Road, Westchester, Illinois, 60154.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the date stated:

October 27, 2009 – Pre-recorded Message
Please continue holding and the next representative will be with you shortly.
Press 1 if you wish to continue holding.

11.     Defendant left messages on other occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See _Berg v. Merchs. Ass'n Collection Div_., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

2

13.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14.     In addition to the telephone messages Defendant left for Plaintiff, Plaintiff spoke with Defendant's representative via telephone on several occasions.

15.     In the telephone conversations, Defendant failed to inform Plaintiff that Defendant was a debt collector.

16.     In one of the early telephone conversations, Plaintiff informed Defendant that he was represented by an attorney with respect to the alleged debt and informed Defendant of the attorney's name and office location.

17.     Subsequent to being informed that Plaintiff was represented by an attorney, Defendant continued to telephone Plaintiff directly, without the consent to Plaintiff's counsel.

18.     At the time Defendant placed some of its telephone calls directly to Plaintiff, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

19.     Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

20.     Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

21.     No court had authorized Defendant's direct communication with Plaintiff.

22.     At the time Defendant some it its telephone calls to Plaintiff, Defendant knew the FDCPA prohibited it from communicating directly with Plaintiff.

23.     If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself to the representation of his counsel.

24.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

25.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

26.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

27.     Defendant willfully or knowingly violated the TCPA.

<u>**COUNT I**</u>
<u>**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**</u>

28.     Plaintiff incorporates Paragraphs 1 through 27.

29.     Defendant failed to disclose in the telephone messages and calls to Plaintiff that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006

U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

<b><u>COUNT II</u><br><u>FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY</u></b>

30.    Plaintiff incorporates Paragraphs 1 through 27.

31.    Defendant placed telephone calls to Plaintiff without making meaningful

disclosure of its identity when it failed to disclose that it is a debt collector, its name, and

the purpose of Defendant's communication in the telephone messages and calls in

violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-

61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23,

2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982);

and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

32.     Plaintiff incorporates Paragraphs 1 through 27.

33.     Defendant communicated directly with Plaintiff when Defendant knew

Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT IV
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

34.     Plaintiff incorporates Paragraphs 1 through 27.

35.     Defendant communicated directly with Plaintiff when Defendant knew

Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

36.     The FCCPA provides for equitable relief including injunctive relief. *Berg v.*

*Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.      declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

d.      permanently injoining Defendant from direct communication with any debtor known to be represented by counsel; and

e.      Such other or further relief as the Court deems proper.

<u>**COUNT V**</u>
**<u>ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT</u>**

37.     Plaintiff incorporates Paragraphs 1 through 27.

38.     Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff and speaking with Plaintiff directly without disclosing that it is a debt collector, its name and the purpose of its communications and by communicating directly with Plaintiff when Defendant knew Defendant was represented by counsel, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

39.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit;

c.      declaring that Defendant's practices violate the FCCPA;

7

    d.     permanently injoining Defendant from engaging in the complained of practices; and

    e.     Such other or further relief as the Court deems proper.

**COUNT VI**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

40.    Plaintiff incorporates Paragraphs 1 through 27.

41.    By failing to disclose that it is a debt collector, its name and the purpose of its communication, and by telephoning Plaintiff directly when Defendant knew Plaintiff was represented by counsel, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

42.    The FCCPA provides for equitable relief including injunctive relief. _Berg v. Merchs. Ass'n Collection Div_., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit;

    c.     declaring that Defendant's practices violate the FCCPA;

    d.     permanently injoining Defendant from engaging in the complained of practices; and

    e.     Such other or further relief as the Court deems proper.

**COUNT VII**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

43.     Plaintiff incorporates Paragraphs 1 through 27.

44.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     a declaration that Defendant's calls violate the TCPA;

c.     a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

d.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-61990-Civ-Dimitrouleas/Snow

JOHN A. SCHREIBER,

     Plaintiff,

v.

ENTERPRISE RECOVERY SYSTEMS, INC.,

     Defendant.

_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>November 2, 2010</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Donald A. Yarbrough</u>
Donald A. Yarbrough, Esq.

## SERVICE LIST

ENTERPRISE RECOVERY SYSTEMS, INC.,
C/o CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

<u>Via U.S. Mail.</u>

10